FILED

2025 OCT 31 PM 2: 01

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
#### AUSTIN          DIVISION

CRYSTAL GONZALEZ (f/k/a Crystal Shaw)

_____

(Name of plaintiff or plaintiffs)

v.

PAXTON MEDIA GROUP, LLC

and THE JONESBORO SUN

_____

(Name of defendant or defendants)

Civil Action Number: **1:25CV01756 RP**

(Supplied
by Clerk's Office)

### COMPLAINT

1. This action is brought by  CRYSTAL GONZALEZ , Plaintiff, pursuant to the following selected jurisdiction:

### (Please select the applicable jurisdiction)

[    ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)  Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[    ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[✓] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[    ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[    ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant  PAXTON MEDIA GROUP, LLC  (Defendant's name) lives at, or its business is located at  201 S. 4th Street  (street address),  Paducah  (city),  KY  (state),  42003  (zip).

3a.     Plaintiff sought employment from the defendant or was employed by the defendant
        at  Remote from 2514 Howellwood Way, Unit B, Austin     (street address),
        (city),  Texas          (state),  78748              (zip).

3b.     At all relevant times of claim of discrimination, Defendant employed  50+
        (#) employees.   If defendant is a union, at all relevant times of claim of
        discrimination, Defendant had  _____ (#) members.

4.      Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of
        this complaint on or about _____(month) _____(day) ____
        (year).   If incidents of discrimination occurred more than one day, please indicate
        the beginning and ending dates of such acts: Sept. 5, 2022 – Mar. 15, 2023
        .

5.      Plaintiff filed charges against the defendant with the Equal Employment
        Opportunity Commission (E.E.O.C.) charging defendant with the acts of
        discrimination indicated in paragraph 7 of this complaint on or about  August
        (month)  25          (day)  2023         (year).   (Not applicable to federal
        civil service employees).

6a.     The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on .
        (month)  August 5        (day)  2025            (year).   (Not applicable to
        ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:**     **PLEASE ATTACH A COPY OF YOUR NOTICE OF
                             RIGHT TO SUE AND THE ENVELOPE IN WHICH
                             IT WAS RECEIVED TO THIS COMPLAINT.**

6b.     Please indicate below if the E.E.O.C issued a **Determination** in your case:

        [✓] Yes
        [ ] No

**VERY IMPORTANT NOTE:**     **IF YOU CHECKED "YES", PLEASE ATTACH A
                             COPY OF THE E.E.O.C.'S DETERMINATION TO
                             THIS COMPLAINT**

7.  Because of plaintiff's:

                **(Please select the applicable allegation(s))**

        [  ]  Race (If applicable, state race) _____

        [  ]  Color (If applicable, state color) _____

[   ]   Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)
[   ]   Religion (If applicable, state religion) _____

[   ]   National Origin (If applicable, state national origin) _____

[   ]   Age (If applicable, state date of birth) _____

[✓]   Disability (If applicable, state disability) <u>chronic migraines w/ visual impairment</u> (aura)

[✓]   Prior complaint of discrimination or opposition to acts of discrimination.
        (Retaliation) (If applicable, explain events of retaliation)  See ADDENDUM A —
                                                                      Continuation Pages

        The defendant:   **(please select all that apply)**

[   ]   failed to employ plaintiff.

[   ]   terminated plaintiff's employment.

[   ]   failed to promote plaintiff.

[✓]   harassed plaintiff.

[✓]   other (specify) <u>Failure to accommodate (effective denial); constructive discharge</u>
        .

8a.     State **specifically** the circumstances under which defendant, its agent, or employees
        discriminated against plaintiff **PERSONALLY**:

<u>**VERY IMPORTANT NOTE:**</u>        **INCLUDE <u>SPECIFIC DATES</u>, <u>SPECIFIC EVENTS</u>,
                                        AND ANY <u>SPECIFIC COMMENTS</u> MADE BY
                                        DEFENDANT PERTAINING TO THE
                                        DISCRIMINATION CLAIM ALLEGED ABOVE.**

My employer increased hours, denied breaks, and pressured me to work while visually impaired
after five ADA accommodation requests; HR also imposed a 7-day FMLA deadline—details
and dates in the attached Complaint/Addendum A.

8b.     List any **witnesses** who would testify for plaintiff to support plaintiff's allegations
        and the substance of their testimony:

Becca Harsch (manager), Amber Hendrix (HR), Tori Holmes (manager), Kelli Kellogg
(coworker),  Drew Fritz (coworker) and others can corroborate scheduling, breaks, workload,
and related events (see Complaint/Addendum A).

8c.     List any **documentation** that would support plaintiff's allegations and explain what
        the documents will prove:

Physician letters; accommodation requests (A-1, A1-1.13–1.17); scheduling/overtime proofs; emails/notes; coworker statements; spoliation items; and the Jonesboro Sun position statement and more —each cited in the Complaint/Addendum A and its exhibit index.

9.      The above acts or omissions set forth in paragraphs 7 and 8 are:

⬚  still being committed by defendant.
☑  no longer being committed by defendant.

10.     Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission.   This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[   ] Defendant be directed to employ plaintiff.

[   ] Defendant be directed to re-employ plaintiff.

[   ] Defendant be directed to promote plaintiff.

☑ Defendant be directed to  (See Complaint/Addendum A and Prayer for Relief)
and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Plaintiff's Complaint — Continuation Pages (Addendum A)

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL GONZALEZ | § | |
| f/k/a Crystal Shaw, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | **CASE NUMBER: 1:25-cv-01756-RP** |
| | § | |
| PAXTON MEDIA GROUP, LLC | § | |
| and THE JONESBORO SUN, | § | |
| Defendants | § | |
| | § | |

## ADDENDUM A — CONTINUATION PAGES TO EEOC COMPLAINT FORM
## (FACTUAL ALLEGATIONS & COUNTS)

1. Plaintiff Crystal Gonzalez f/k/a Crystal Shaw resides at 7120 Sparkling Light Drive, Unit B, Del Valle, Texas 78617. At all relevant times, Plaintiff performed her work for Defendant Paxton Media Group, LLC remotely from Austin, Texas.

2. Defendant Paxton Media Group, LLC is a Kentucky limited liability company with its principal place of business at 201 South 4th Street, Paducah, Kentucky 42003;

3. Defendant The Jonesboro Sun is a newspaper and editorial subsidiary of Paxton Media Group, LLC, with its principal place of business at 1302 Stone Street, Jonesboro,

Arkansas 72401. The Jonesboro Sun was not Plaintiff's employer; upon information and belief, its involvement is limited to participation in and publication of the September 29, 2023 EEOC position statement described below, which Plaintiff alleges contained false statements of fact about her (see Ex. A2; Exs. B1).

4. This Court has personal jurisdiction over Defendants because, although headquartered in Kentucky and Arkansas, they purposefully directed their employment operations, supervision, and communications toward Plaintiff in Texas. At all relevant times, Plaintiff performed her work entirely from Texas, reported electronically to Defendants' managers outside Texas, and received and responded to assignments, supervision, scheduling, and discipline through channels directed into Texas. The unlawful practices alleged herein — including the denial of accommodations, retaliatory workload increases, and submission of a defamatory EEOC position statement intended to harm Plaintiff's professional reputation in Texas — caused injury felt in this District (see Ex. A2; Exs. B1; Exs. A1-1.12, A1-1.13, A1-1.14, A1-1.15, A1-1.16).

A. Venue (Ex. A1-1.17). Venue is proper in this District under 42 U.S.C. § 2000e5(f)(3), as incorporated by 42 U.S.C. § 12117(a), because the unlawful employment practices were committed in this District and/or Plaintiff would have worked here but for Defendants' conduct. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this District, where Plaintiff lived and performed her work remotely for Paxton Media Group.

**B.** Exhaustion & Timeliness. The EEOC issued a Notice of Right-to-Sue regarding Charge No (see Ex. B3; Exs. B1). 36A-2023-00073. Plaintiff received the Notice on August 5, 2025 (envelope postmarked August 1, 2025). This action is filed within ninety (90) days of receipt. A true and correct copy of the Notice and the envelope are attached. The EEOC Determination and Dismissal and the Amended Charge are also attached.

5. Preservation and Spoliation. Defendants had a duty to preserve relevant evidence at least as of Plaintiff's accommodation requests and, in any event, no later than the filing of EEOC Charge No (see Ex. B1; Exs. A1-1.12, A1-1.13, A1-1.14, A1-1.15, A1-1.16). 36A-2023-00073. Upon information and belief, relevant electronically stored information ("ESI") — including, but not limited to, emails, page-count records, scheduling and assignment logs, chat communications, timekeeping data, and drafts or metadata of the September 29, 2023 position statement (and related communications with The Jonesboro Sun) — was within Defendants' possession, custody, or control (Ex. A2). Upon documented information and belief, Plaintiff further alleges that Paxton Media Group, LLC failed to implement adequate litigation holds and that certain ESI was deleted, overwritten, or otherwise not preserved immediately following Plaintiff's notice to quit citing "human rights violations in denying reasonable accommodation of a disability (Exs. A1-1.15, A1-1.16)." This includes, without limitation, (1) the abrupt termination of colleagues' access to historical Slack records concerning Plaintiff's workload; (2) the report that, approximately one month after Plaintiff's constructive termination, OPC Supervisor Rebecca ("Becca") Harsch's company computer was irrecoverably "fried," containing "all schedule [...] and payroll files—everything"; and

(3) Paxton Media Group, LLC's unorthodox efforts to obtain former employee Drew Fritz's company computer by issuing an ultimatum, reportedly leveraging a publisher to locate him, and threatening a theft report after Plaintiff's constructive termination and after the termination of Fritz's position, which occurred shortly after he inquired about FMLA (Exs. A1-1.58, A1-1.55, A1-1.10).

## COUNT I — DISABILITY DISCRIMINATION — FAILURE TO ACCOMMODATE & DISPARATE TREATMENT (ADA, 42 U.S.C. § 12112(a), (b)(5)(A)) (Against Paxton Media Group, LLC Only)

6. On multiple occasions throughout 2022 and 2023, Defendant Paxton Media Group, LLC had actual notice — including through the September 5 and December 5, 2022 physician letters (see Exs. A1-1.15, A1-1.16) — of Plaintiff's chronic migraines with visual impairment (aura) and her doctor-prescribed work restrictions (20-minute breaks every three hours; no overtime). Plaintiff repeatedly sought reasonable accommodations on five documented occasions (Exs. A1-1.12, A1-1.13, A1-1.14, A1-1.15, A1-1.16, A1-1.17), beginning with a request for a single 20-minute break afforded to others during 10-plus-hour shifts, then the full prescribed schedule, and ultimately a part-time work arrangement when no accommodations were effectively provided after almost one full year of requests.

7. Rather than engage in the interactive process or implement any sustainable accommodation, Defendant responded with conduct that aggravated Plaintiff's condition and punished her for requesting help. Acting through OPC Supervisor

Rebecca ("Becca") Harsch, Paxton Media Group, LLC expanded Plaintiff's workload after each accommodation request (see Exs. A1-1.09, A1-1.10) instead of reducing duties to allow physician-prescribed breaks. Acting through OPC Supervisor Rebecca ("Becca") Harsch and HR representative Amber Hendrix, Paxton Media Group, LLC ignored Plaintiff's repeated explanations that the added hours and assignments exacerbated her medical condition. After Plaintiff's final plea to manage her disability through a part-time schedule following nearly one full year of effectively denied accommodations, Harsch devised a plan to increase Plaintiff's workdays and extend her workweek without the requested accommodations in reprisal for escalating her ADA request to HR. Hendrix also forced unsolicited FMLA certification within an unlawfully abbreviated timeframe. Plaintiff counted Paxton Media Group, LLC overscheduled her forty-four times to lead four newspapers, while similarly situated employees led none or fewer; required seven overtime shifts (Ex. A1-1.10) after she reported that overtime worsened her migraines and asked for regular hours as an accommodation, compelling overtime in approximately 71 percent of counted pay periods (15 biweekly cycles) totaling 78.25 hours after her first accommodation request; and continued to expand her hours by assigning additional work after she requested breaks and no overtime. Plaintiff was routinely given only one assistant while comparators had several (Exs. A1-1.25, A1-1.26) and was required to perform substantially more work than others. Plaintiff has preserved detailed scheduling and payroll data corroborating these counts (Exs. A1-1.09, A1-1.10) of overtime and leadership assignments To minimize unnecessary printing, Plaintiff lodges a list of

PDFs and ZIP archives (Exs. A1, A1-1.09, A1-1.10) and will provide full, page-level proofs on request.

8. Acting through OPC management, including Managers Rebecca ("Becca") Harsch and Victoria ("Tori") Holmes, Paxton further pressured Plaintiff to work through episodes of migraine-related vision loss (Ex. A1-1.45) after exacerbating her condition. Holmes repeatedly called and texted Plaintiff after hours, chastising her (Ex. A1-1.39) for not volunteering to complete additional assignments beyond her own. This conduct constituted discrimination based on disability and retaliation for protected accommodation requests, including Plaintiff's final plea for a part-time schedule after unmet accommodations — which was met with a proposal to extend her workweek to five days after Plaintiff told her Supervisor Rebecca "Becca" Harsch that five shifts would guarantee a migraine — while, upon information and belief, a similarly situated colleague and close friend of Plaintiff was granted a part-time schedule (Ex. A1-1.14, A1-1.17, A1-1.25) working fewer days without an accommodations request.

## COUNT II — RETALIATION (ADA, 42 U.S.C. § 12203(a)–(b)) (Against Paxton Media Group, LLC Only)

9. Paxton Media Group, LLC retaliated against Plaintiff for requesting ADA accommodations and participating in the EEOC process by scrutinizing her hours (Ex. A1-1.43) when allowed breaks, increasing workload and hours, denying assistance (Exs. A1-1.35, A1-1.26), chastising her about hours and deadlines (including after-hours), scrutinizing her work on days she requested partial leave, unfairly comparing

her to others (Ex. A1-1.39), humiliating her in front of other colleagues when she requested assistance, assigning her unfavorable equipment and assignments with inadequate support (Ex. A1-1.36), and otherwise subjecting her to materially adverse treatment, including shaming, causally linked to her protected activity, including by causing the submission of the retaliatory EEOC position statement described in Count VI. After Plaintiff questioned the FMLA demand, Paxton Media Group, LLC, operating through HR staff Amber Hendrix, informed her that the requirement was prompted by her doctor's note and demanded certification within seven days (Ex. A1-1.17), rather than the fifteen days required by 29 C.F.R. § 825.305(b). Paxton leveraged an unsolicited and illegal FMLA certification demand in lieu of providing reasonable ADA accommodations (Ex. A1-1.17) — using that demand as a pretext to avoid its accommodation duties and to retaliate for Plaintiff's protected requests. After Plaintiff made a final request for part-time hours granted to others after nearly one full year of effectively denied accommodations, Paxton Media Group, LLC, operating through OPC Manager Rebecca ("Becca") Harsch, suggested a schedule change of five eight-hour shifts that did not address required overtime or physician-prescribed breaks after Plaintiff told her explicitly that five shifts would guarantee a migraine (Ex. A1-1.14, A1-1.17), thereby predictably worsening conditions and penalizing Plaintiff for engaging in protected activity, further evidencing retaliation.

**COUNT III — ADA RETALIATION / INTERFERENCE (42 U.S.C. § 12203(a)–(b)) (Against The Jonesboro Sun)**

10. Coverage. The Jonesboro Sun is a "person" within the meaning of 42 U.S.C. § 12203; no employment relationship is required for liability under the ADA's retaliation and interference provisions.

11. Protected activity. Plaintiff engaged in protected activity by requesting ADA accommodations and by filing and participating in EEOC Charge No. 36A-2023-00073 (Exs. B-3, B-1).

12. Interference/retaliation. On or about September 29, 2023, The Jonesboro Sun—acting in concert with Paxton Media Group, LLC—coordinated, drafted, approved, and/or caused the submission of a position statement to the EEOC titled the "Jonesboro Sun Response." (Ex. A-2) The statement misrepresented Plaintiff's accommodation requests and performance (Exs. A1-1.05, A1-1.06, A1-1.07, A1-1.08) to discredit her and deter or chill further protected activity, thereby interfering with and retaliating against Plaintiff's exercise of ADA rights in violation of 42 U.S.C. § 12203(a)–(b).

13. Standard. The Jonesboro Sun's conduct would dissuade a reasonable person from engaging in ADA-protected activity and constitutes coercion, intimidation, threats, or interference with the exercise of ADA rights.

14. Relief sought (equitable). Pursuant to 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(g)(1)), Plaintiff seeks equitable relief (Ex. A-1) against The Jonesboro Sun, including declaratory relief, injunctive relief to prevent further interference/retaliation (including corrective measures and non-retaliation policies and training), and fees and costs; Plaintiff also seeks any other appropriate equitable relief the Court deems just. (Exs. A1, A1-1.05, A1-1.06, A1-1.07, A1-1.08, A2.)

**COUNT IV — FMLA INTERFERENCE AND RETALIATION (29 U.S.C. § 2615(a)(1)–(2))
(Against Paxton Media Group, LLC Only)**

15. After Plaintiff requested ADA accommodations and questioned Paxton Media Group, LLC's FMLA demand, Defendant stated it was prompted by her doctor's note and required FMLA certification within seven days (Ex. A1-1.17) — rather than the fifteen days required by 29 C.F.R. § 825.305(b) — using that demand to delay or avoid ADA accommodations and to retaliate.

   A. **Employer coverage (50/75 rule).** Upon information and belief, at all relevant times, Paxton Media Group, LLC employed 50 or more employees within 75 miles of Plaintiff's worksite—namely, the Owensboro Production Center (or other Paxton facility to which she reported and from which she received assignments and supervision)—placing Defendant within the FMLA's employer coverage. See 29 C.F.R. § 825.104. (Coverage facts will be confirmed in discovery (see Ex. A1-1.10).)

   B. **Employee eligibility (12 months / 1,250 hours).** Upon information and belief, as of the date Defendant demanded certification and leave would have commenced (March 2023), Plaintiff had been employed by Paxton at least 12 months and had worked 1,250 or more hours in the preceding 12 months, as reflected in payroll records (Ex. A1-1.10). See 29 C.F.R. § 825.110(d).

   C. **Remote work worksite definition.** Because Plaintiff worked remotely from Texas (Ex. A1-1.17), her FMLA "worksite" for purposes of the 50/75 rule is the office to which she reported and from which assignments were made, not

her home. See 29 C.F.R. § 825.111(a)(2). Defendant's seven-day certification demand still violated the 15 day rule. See 29 C.F.R. § 825.305(b). (Exs. A1, A1-1.17, A2.)

## COUNT V — TEXAS COMMISSION ON HUMAN RIGHTS ACT (TCHRA) — DISABILITY DISCRIMINATION & RETALIATION (Tex. Lab. Code §§ 21.051, 21.055) (Against Paxton Media Group, LLC Only)

16. In the alternative and/or in addition to her ADA claims, Plaintiff brings parallel claims under the TCHRA, based on the same conduct: Paxton Media Group, LLC denied reasonable accommodations and retaliated against Plaintiff (Exs. A1-1.15, A1-1.16, A1-1.17) after protected complaints, causing damages (Exs. A1-1.45, A1-1.47). All administrative prerequisites have been satisfied or are excused.

## COUNT VI — DEFAMATION (LIBEL PER SE) (Against Paxton Media Group, LLC and The Jonesboro Sun)

17. On September 29, 2023, Defendants — acting in concert and by and through Paxton Media Group, LLC and its editorial subsidiary, The Jonesboro Sun — submitted to the EEOC (Ex. A-2) (Charge No. 36A-2023-00073) a retaliatory position statement that falsely portrayed Plaintiff and misattributed a purported "ten-page" daily production figure (Exs. A-1, A1-1.05, A1-1.06, A1-1.07, A1-1.08) to her as a substandard comparator for March 13–14, 2023 — despite contemporaneous notice of "significant pain" on March 13 and that Plaintiff would be out for medical treatment on March 14,

when she underwent a root canal and received Botox injections for migraines. These statements impeached Plaintiff's fitness and capacity in her profession (falsely accusing her of inexplicable substandard output in performing core duties) and therefore constitute defamation per se (injury to one's trade or profession). The statements were of and concerning Plaintiff, stated as verifiable facts — not opinion — and are false.

18. The statement was crafted as a coordinated defamatory publication (Ex. A-2) to cast Plaintiff's ADA accommodation requests as laziness and to undermine her credibility and protected activity. The publication was false and made with actual malice and reckless disregard for the truth.

19. Upon documented information and belief, Plaintiff further alleges that Defendants failed to implement adequate litigation holds and that certain electronically stored information ("ESI") was aggressively and irregularly severed, sought, deleted, overwritten, or otherwise not preserved following Plaintiff's notice to quit citing "gross human rights violations in denying reasonable accommodation of a disability." Such destruction or non-preservation of evidence demonstrates mens rea and further evidences Defendants' malice and intent to conceal the truth. Plaintiff therefore seeks appropriate spoliation remedies pursuant to Federal Rule of Civil Procedure 37(e), including adverse-inference instructions and related sanctions, as set forth in the Prayer for Relief.

20. No absolute privilege attaches, and any qualified privilege is defeated by malice and the inclusion of extraneous, nonresponsive attacks unrelated to a legitimate EEOC inquiry. Limitations are tolled, and Defendants are estopped from relying on them, for

the period during which EEOC confidentiality prevented earlier filing, continuing until the Notice of Right-to-Sue and the statement's availability for use in litigation. No absolute privilege applies. Under Kentucky and Arkansas law, statements submitted in an EEOC proceeding are, at most, qualifiedly privileged and the privilege is forfeited by malice, knowledge of falsity or lack of reasonable grounds, irrelevance/extraneous attacks, or excess publication. See Hawkins v. Miller, 301 S.W.3d 507, 509 (Ky. App. 2009) (EEOC/unemployment responses—qualified privilege); Wal-Mart Stores, Inc. v. Lee, 348 Ark. 707, 74 S.W.3d 634 (2002); Ikani v. Bennett, 284 Ark. 409, 682 S.W.2d 747 (1985); Dillard Dep't Stores, Inc. v. Felton, 276 Ark. 304, 634 S.W.2d 135 (1982); Ark. Model Jury Instr.–Civil AMI 409. To the extent Kentucky law applies, the statements constitute defamation per se (injury to profession) and general damages are presumed; to the extent Arkansas law applies, the Arkansas Supreme Court has abolished presumed damages in per se cases, so Plaintiff pleads actual reputational injury and related damages according but not limited to its influence on the EEOC's no-cause determination. See United Ins. Co. of Am. v. Murphy, 331 Ark. 364, 961 S.W.2d 752 (1998); AMI 4-Series notes.

21. Defendants' September 29, 2023 position statement contained knowingly false assertions and gratuitous, non-responsive attacks unrelated to any legitimate defense — including the misattribution of a "ten-page" comparator on March 13–14, 2023, despite contemporaneous notice of significant pain (Mar. 13) and scheduled medical treatment (Mar. 14). These facts, if proven, establish actual malice and irrelevance/excess, defeating any qualified privilege. See Hawkins, 301 S.W.3d at 509; AMI 409 (plaintiff may overcome privilege by proof of malice/lack of reasonable

grounds/excess publication). Alternatively, if Texas law were applied, Plaintiff notes that Texas follows an absolute privilege only for judicial or quasi-judicial proceedings, not EEOC submissions before a right-to-sue letter issues. See James v. Brown, 637 S.W.2d 914 (Tex. 1982). Even if that doctrine were extended, the defamatory conduct here went beyond the EEOC process, which along with any republication, constitutes malicious interference.

22. Plaintiff alleges the publication element is satisfied by Defendants' submission to the EEOC, a third party, and liability turns on Defendants' malicious and irrelevant assertions in that quasi-judicial setting — conduct that is not protected by any absolute privilege under Kentucky or Arkansas law and that overcomes any qualified privilege for EEOC communications. See Hawkins, 301 S.W.3d at 509; Lee, 74 S.W.3d at 653–55; Ikani, 682 S.W.2d at 749. (Exs. A1, A1-1.05, A1-1.06, A1-1.07, A1-1.08, A1-1.57, A1-1.58, A2.)


## COUNT VII — BREACH OF CONTRACT / PROMISSORY ESTOPPEL (Alternative) (Against Paxton Media Group, LLC Only)

23. Paxton Media Group, LLC, acting through OPC Manager Rebecca ("Becca") Harsch, promised and agreed — via written communications approving schedule changes, breaks, or flexible break arrangements (Exs. A1-1.50, A1-1.51) at the time of hire and after — to provide specified accommodations or workload adjustments. Plaintiff relied on those commitments (Ex. A1-1.26). Paxton Media Group, LLC failed to perform,

instead increasing workload/hours and denying promised assistance/breaks, proximately causing damages. (Pled in the alternative.)

## COUNT VIII — CIVIL CONSPIRACY (Against Paxton Media Group, LLC and The Jonesboro Sun)

24. Defendants, acting in concert, combined to accomplish an unlawful purpose and/or a lawful purpose by unlawful means — namely, to publish a retaliatory and defamatory position statement (Ex. A-2) to the EEOC on Sept. 29, 2023 that would undermine Plaintiff's ADA-protected activity by misrepresenting her performance and accommodation requests (Exs. A1-1.05, A1-1.06, A1-1.07, A1-1.08). There was a meeting of the minds to draft, edit, approve, and submit the publication (which itself bears the header "Jonesboro Sun Response"), followed by overt acts including the preparation and transmittal of the statement, and related communications. These acts proximately caused injury to Plaintiff in Texas; Defendants are jointly and severally liable for the resulting tort damages.

## COUNT IX — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Alternative) (Against Paxton Media Group, LLC and The Jonesboro Sun)

25. Defendants engaged in extreme and outrageous conduct (Exs. A1-1.37, A1-1.45, A1-1.46) intentionally or recklessly causing severe emotional distress; pled as a gap-filler tort in the alternative to the extent not preempted by statutory remedies.

**WITNESSES (Non-Exhaustive)**

*(Substance summarized for Rule 26 disclosures.)*

- Rebecca ("Becca") Harsch — OPC supervisor/manager; scheduling, workloads, Slack comms; knowledge of accommodation requests and responses; incidents working while visually impaired.

- Amber Hendrix — HR specialist; seven-day FMLA certification demand; ADA vs. FMLA communications; response timing.

- Victoria ("Tori") Holmes — Production manager; after-hours calls/texts; "bathtub" incident; pressure to complete additional assignments.

- Katie Stout — supervisor/trainer; page-count expectation ("~10 pages") and prior commendations; knowledge of Plaintiff's performance.

- Kelli Kellogg — paginator colleague; observed scheduling, breaks, assistance; authored statement and response; comparative workload.

- Luke Andrews — paginator colleague; inside-page assistance; staffing of Plaintiff's pod; stress/urgent care context.

- John Roark — paginator colleague; assistance assignments; medical limitations context.

- Cory Maglinger — paginator colleague; experience with difficult lineups (e.g., ROA).

- Vanessa Kahin — colleague; typical break durations and practice.

- Ritchie Starnes — editor; interactions on page production; tasks beyond paginator scope.

- Dennis Cain — outside source; corroboration of Plaintiff's professional reputation and contemporaneous projects.

- Drew Fritz — paginator colleague; termination timing relative to leave inquiry; laptop retrieval episode; spoliation-related facts.

- Sam Legg — comparator referenced in coworker letter (light relative workload).

- Aaron Gonzalez — spouse; observations of increased migraine intensity and frequency caused by extra hours, employer conduct and extreme workload, inability to take breaks, physical/mental health effects, and work stress at home.

- Kaylee Rittgers — adult daughter; observations of increased migraine intensity and frequency caused by extra hours, employer conduct and extreme workload, inability to take breaks, physical/mental health effects, and work stress at home.

- Tawnya Hammond — friend; observations of continued migraine management and accommodations request post-employment with Paxton Media Group LLC with new employer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, and grant the following relief.

For ADA Discrimination (Count I), Plaintiff seeks compensatory damages, including for physical and emotional distress, and lost wages (back pay and front pay) in an amount not less than $200,000, based, upon information and belief, on the scale of Paxton Media Group's operations and the gravity of the ADA violations.

For ADA Retaliation (Count II), Plaintiff seeks additional compensatory damages in an amount to be determined at trial, for retaliation in violation of 42 U.S.C. § 12203.

For ADA Retaliation and Interference by The Jonesboro Sun (Count III), Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 12117(a), including mandatory corrective measures, retaliation training, and policies to prevent further violations; reasonable attorneys' fees

and costs as permitted by statute; and compensatory damages in an amount not less than $50,000, based, upon information and belief, on the scale of harm caused by The Jonesboro Sun's interference and its approximate workforce size.

For FMLA Interference and Retaliation (Count IV), Plaintiff seeks liquidated damages for willful violations of the Family and Medical Leave Act in addition to compensatory damages. For TCHRA Disability Discrimination and Retaliation (Count V), Plaintiff seeks compensatory and punitive damages under the Texas Labor Code, as allowed by law.

For TCHRA Disability Discrimination and Retaliation (Count V), Plaintiff seeks compensatory and punitive damages under the Texas Labor Code, as allowed by law. Based on the scope and duration of the discriminatory conduct alleged, Plaintiff believes the facts may support a finding of malice or reckless indifference under Tex. Civ. Prac. & Rem. Code § 41.003(c), which would remove the statutory cap on exemplary damages. Plaintiff respectfully defers to the trier of fact to determine the appropriate amount of any punitive award.

For Defamation / Libel Per Se (Count VI), Plaintiff seeks presumed general damages and/or actual reputational damages in an amount not less than $200,000 per Defendant (totaling not less than $400,000), based on their joint and individual participation in the knowingly false and malicious defamatory September 29, 2023 EEOC position statement and, upon information and belief, the scale of their respective operations and influence. The $200,000-per-defendant figure reflects a principled estimate of presumed harm where the defamatory statements were made during an official EEOC proceeding and disseminated under the authority of a media publisher. That amount mirrors the statutory recovery sought under the ADA and accounts for the reputational damage such falsehoods can inflict when amplified by institutional platforms whose core professional duty is truthfulness. By abusing their institutional credibility and weaponizing a

quasi-judicial process to spread provably false allegations, Defendants magnified the reputational harm inflicted.

Plaintiff further seeks punitive damages under Count VI, based on Defendants' actual malice, deliberate misrepresentations, and reckless disregard for the truth, and, upon information and belief, their broad influence and reach in the media industry. Such punitive damages are necessary to deter this type of egregious misconduct by media entities who, above all, are expected to traffic in truth. Plaintiff respectfully defers to the trier of fact to determine the appropriate amount of any such punitive award.

For Civil Conspiracy (Count VIII), Plaintiff seeks to hold Defendants jointly and severally liable for all tort damages arising from the coordinated submission of defamatory and retaliatory content to the EEOC.

For Breach of Contract / Promissory Estoppel (Count VII) and IIED (Count IX), to the extent not preempted by statutory remedies, Plaintiff seeks appropriate damages under state law for detrimental reliance or extreme and outrageous conduct.

As to Spoliation, Plaintiff requests the imposition of appropriate remedies under Fed. R. Civ. P. 37(e), including adverse-inference instructions, evidentiary sanctions, and any other relief the Court deems just.

For Equitable and Injunctive Relief, Plaintiff requests entry of declaratory and injunctive orders requiring Paxton Media Group, LLC and The Jonesboro Sun to cease and correct all unlawful practices described herein, including removal and retraction of the defamatory statement, retaliation training, non-retaliation policies, and accommodation enforcement.

For Fees and Costs, Plaintiff requests an award of reasonable attorneys' fees and costs where recoverable by statute or law.

For Pre- and Post-Judgment Interest, Plaintiff requests interest at the maximum rate permitted by law.

Plaintiff also requests such other and further relief as the Court deems just and proper, including protection from retaliatory fee-shifting in light of the intertwined nature of Plaintiff's ADA-protected activity and claims, and denial of any improper fee motions by Defendants absent satisfaction of the prevailing party standard under civil rights law.

Plaintiff seeks punitive and/or exemplary damages where authorized by law for the conduct alleged herein, including under state and federal statutes and common law claims such as defamation, TCHRA violations, and civil conspiracy.

Plaintiff further demands a trial by jury on all issues so triable.


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

10/31/2025
_____
Date

_____
Crystal Gonzalez f/k/a Crystal Shaw

Plaintiff, Pro Se

7120 Sparkling Light Drive, Unit B

Del Valle, TX 78617

Phone: (910) 574-1713

Email: crystal@crystaleg.com

**EXHIBIT INDEX**

Exhibits are non-exhaustive and incorporated by reference under Fed. R. Civ. P. 10(c).

**A. Core Evidence (A Series - Partial)**

- A1 — Plaintiff's EEOC Rebuttal to the Jonesboro Sun Response — A1_EEOC_Rebuttal_Shaw_Indexed.docx (normalized filename)
  - A1-1.05 — Email to Supervisor: Significant Pain; Appointment Scheduled (Mar. 13, 2023) — Significant_Pain.pdf
  - A1-1.06 — Treatment Records: Root Canal & Botox for Chronic Migraines (Mar. 14, 2023) — Chronic_Migraine_Treatment.pdf
  - A1-1.07 — Supervisor Acknowledges Full-Day Absence — "Got it." (Mar. 14, 2023) — Got_It.PNG
  - A1-1.08 — Doctor's Excuse for March 14 Absence (Provided Mar. 15, 2023) — Note_For_March_14.pdf
  - A1-1.09 — Scheduling Evidence: Assigned to Lead Four Newspapers (44 Instances) — Four_Papers.zip
  - A1-1.10 — Scheduling Evidence: Overtime Shifts After Requesting Regular Hours — Overtime.zip
  - A1-1.12 — Initial Notice of Migraines to Supervisor (Apr. 7, 2022) — First_Notice.pdf
  - A1-1.13 — First ADA Accommodation Request — Modified Schedule & Breaks (July 19, 2022) — First_Request.pdf
  - A1-1.14 — Second ADA Accommodation Request — Limit Shifts to Prevent Disabling Migraine (Sept. 3, 2022) — Second_Request.pdf
  - A1-1.15 — Third ADA Accommodation Request — Physician Letter: 20-Minute Breaks q3h; No Overtime (Sept. 5, 2022) — Third_Request.pdf
  - A1-1.16 — Fourth ADA Accommodation Request — Physician Letter Extending Breaks; No Overtime; Aura/Scotoma (Dec. 5, 2022) — Fourth_Request.pdf
  - A1-1.17 — Fifth ADA Accommodation Request to HR & Supervisor — Four-Paper Stacks Prevent Breaks; Reaffirms Doctor's Orders (Feb. 26, 2023) — Fifth_Request.pdf
  - A1-1.25 — Witness Response on Overscheduling Worsening Plaintiff's Migraines; Short-Rest Deduction Concern — Kelli_Kellogg_Response.pdf
  - A1-1.26 — Witness Statement on Breaks; Assistance; Comparative Workload — Kelli_Kellogg_Statement.rtf
  - A1-1.35 — Inadequate Support: Assigned Helper with Own Limitations — Insufficient_Help.pdf
  - A1-1.36 — Assigned Slow Computer; Firewall/Connectivity Problems ('McLaren vs. Moped') — Faulty_Equipment.pdf

- o A1-1.37 — Holmes Frantic After-Hours Calls Chastising Plaintiff — Tori_Holmes_Bathtub.PNG
  - o A1-1.39 — Orchestrated Setbacks; Unfair Comparison to Comparator — Setup_Unfair_Targeting.pdf
  - o A1-1.43 — Email — Hours Scrutiny Following Schedule Allowing Breaks — More_Work.pdf
  - o A1-1.45 — Pressured to Edit and Design Through a Migraine While Visually Impaired by Rebecca Harsch — Becca_Harsch_Blind.pdf
  - o A1-1.46 — Embarrassing Team-Wide Message Minimizing Contributions When Assistance Was Requested — Embarassing.PNG
  - o A1-1.47 — Supervisor Recommends Plaintiff Buy an Expensive Face Massager Instead of ADA Accommodation — Face_Massager.pdf
  - o A1-1.48 — Absolute Worst Lineup on Three Unfamiliar Publications — Worst_Lineup.jpg
  - o A1-1.50 — Rebecca Harsch Promises Flexible Breaks at Hire vs Practice — Breaks_OK.pdf
  - o A1-1.51 — Rebecca Harsch Proclaims Everyone Must Take a Break Using Platitudes vs Scheduling — Platitudes.PNG
  - o A1-1.55 — Slack History Deleted After Resignation — Slack_Erased.pdf
  - o A1-1.57 — Laptop Retrieval Ultimatum and Threat of Theft Report — Drews_Laptop.zip
  - o A1-1.58 — Supervisor's 'Fried' Computer with No Backups Claimed — Becca_Fried_Computer.pdf
- A2 — Jonesboro Sun Position Statement to EEOC — 2023-09-29_Crystal_Shaw_EEOC_response_36A-2023-00073.docx (normalized filename)

**B. EEOC & Required Agency Documents (B series)**

- B1 — EEOC Notice of Right-to-Sue — Charge No. 36A-2023-00073 — RightToSue_Letter.pdf
  - o B1-1 — Postal Envelope for Right-to-Sue Letter Postmarked August 1 2025 — RightToSue_Envelope.pdf
- B2 — EEOC Determination and Dismissal — DI Letter_Shaw.pdf
- B3 — EEOC Charge No. 36A-2023-00073 (Amended) — 36A-2023-00073_AmendedChargeofDiscrimination_2.pdf

## APPENDIX — A1 SERIES ORIGINAL FILES INDEX

Original file metadata for the complete contents of the A1-series zip archives, as submitted to the EEOC, is listed below for authentication only and is not filed with this submission. Originals are preserved and can be submitted at the Court's request or in a subsequent filing.

Format: Zip,PathInsideZip,SizeBytes,SHA256

Exhibits_Part_1.zip,Exhibits_Part_1/Above_and_Beyond.pdf,902008,e797304ce2056b5a14687 84517f4063350b43cf80d23bc88b29e9ef49b31c4d5

Exhibits_Part_1.zip,Exhibits_Part_1/Insufficient_Help.pdf,10605529,1095e3acc0b80bd11457cff 5698dba61050300d7d43831c9b886cba44286688a

Exhibits_Part_1.zip,Exhibits_Part_1/.DS_Store,6148,79c72a242d20cc29147941e3ee347b1ea0d 71a7bc214c1aa24407eaaae3ef0d7

Exhibits_Part_1.zip,Exhibits_Part_1/Learning_Autobiography.docx,26036,fd96fa423e8a78c13d 0a6eabf6f3260c643e7a623db4fbbbc6b9def3bf21de52

Exhibits_Part_1.zip,Exhibits_Part_1/Drews_Laptop.zip,4574916,4aa4fec5a34836c374d504d7f8 fde478b1a61691f0efd812f33c42f829cbbf4c

Exhibits_Part_1.zip,Exhibits_Part_1/Breaks_OK.pdf,262539,c330d7efbbdc26a28dc59f72997d1 90779d1ce725859dc07eeb96a7c47b4392c

Exhibits_Part_1.zip,Exhibits_Part_1/Fifth_Request.pdf,590726,eba6a7f35056b8931b0469bc0bd c2b10785c972a0c9a461ed216c0d9d9d4b51f

Exhibits_Part_1.zip,Exhibits_Part_1/Mediation.pdf,259318,c923e8856c07252e2b83d48b420422 480a278293f9e4fe35751980d8cc38ff92

Exhibits_Part_1.zip,Exhibits_Part_1/Fourth_Request.pdf,293299,e972a346781e10717f49c4ad9d a33653b6688bcd63c9f7369be9e8bd963e9e0d

Exhibits_Part_1.zip,Exhibits_Part_1/Blame_Shifting.JPG,2663412,1f114a380d05b8d67e8d5718 90d3da9365778fea7dddd1366713ae2dd4405242

Exhibits_Part_1.zip,Exhibits_Part_1/Drew_Fritz.zip,434217,8b85a0fa17871a4fd314e1b3e62e5d e267f60c808212ed10a5525e7b73971098

Exhibits_Part_1.zip,Exhibits_Part_1/An Open Letter to Media
Management.docx,25869,5a01fa0f6399922b2d51c7a14c70495dd6ef672b166e5782bb92c0ee4fa
bf6ef

Exhibits_Part_1.zip,Exhibits_Part_1/Four_Papers.zip,658938,a9afdf1ac19e1c6ee7ba269257374
310edb2ca219c6103074d4c5767ff8d9e81

Exhibits_Part_1.zip,Exhibits_Part_1/Master_Contacts.pdf,212731,ed6691e3c6fb124781e8794d1
ebbcf77a759089c53374e0da9946794e761f711

Exhibits_Part_1.zip,Exhibits_Part_1/Deadlines_Matter.pdf,179518,917c6c304540d83ab893908
b7f168518e1de420369c77ffda5944db4f6948247

Exhibits_Part_1.zip,Exhibits_Part_1/Medical_Records.pdf,686115,8f60b4c0c54e53ba697320bd
f17c7357adbc26d372111d28315f3c102ef86616

Exhibits_Part_1.zip,Exhibits_Part_1/Kelli_Kellogg_Response.pdf,186368,781d64bd67416f2c65
a480c86dac57b746e621d76b4e014bdda8a842e0524de2

Exhibits_Part_1.zip,Exhibits_Part_1/First_Notice.pdf,167710,727cf0f74253ddb4334bd675600fd
7ff85c30b3d1354e7aadfbf6d4103576d7b

Exhibits_Part_1.zip,Exhibits_Part_1/Got_It.PNG,441991,102217472ddf7c2a4322327a754f5610
1c28b75ee7a67ed25bcf301e783abb69

Exhibits_Part_1.zip,Exhibits_Part_1/Glassdoor_Reviews.pdf,3179885,4e624974f681b4de437a3
75981ddca1f9caed356e672b87cfd7469bd47883715

Exhibits_Part_1.zip,Exhibits_Part_1/Live_Training.JPG,5390040,490ab4cefe88339bb638c388b
815b5835ef538941f07911c4ad4213860c76ca3

Exhibits_Part_1.zip,Exhibits_Part_1/Embarassing.PNG,235505,45a9170ecabe77d04cf4e78cc0c
3cda1b7ace83d6a144e1332ebcd9fac15d70b

Exhibits_Part_1.zip,Exhibits_Part_1/Chronic_Migraine_Treatment.pdf,868119,49871aa67c0ac1
0e32ccd6e79e02673a3c0e9094e9250805b47e3c54f7017839

Exhibits_Part_1.zip,Exhibits_Part_1/Biological_Psychological_Effects.docx,73411,c8a9b34628
8f3e886cee8b24519499f5aa34336b845db4d597f77aaf2f1ee346

Exhibits_Part_1.zip,Exhibits_Part_1/Becca_Harsch_Blind.pdf,182373,6593d70b98d297ad5441d
25da1b83289610f4581f338718a7a18ad69cc58d05a

Exhibits_Part_1.zip,Exhibits_Part_1/Becca_Fried_Computer.pdf,613016,42d1a2d16b5296d8f82 5acfb6a3f114918968bbeb2a5d50941261cd3cac5a6c1

Exhibits_Part_1.zip,Exhibits_Part_1/Face_Massager.pdf,247956,9439c89dddfbc187e2ced3b63b a7f75615b5775e133202df0d8aab80610350c7

Exhibits_Part_1.zip,Exhibits_Part_1/First_Request.pdf,169765,df81cc4ca26c3794dee78a14620a 908531fe5dc613f48c9f8a7bedd67371dbe5

Exhibits_Part_1.zip,Exhibits_Part_1/Kelli_Kellogg_Statement.rtf,2214,d94cfac6fdf1015f2b3d2c 252a6034e3f92edc067ceb2a5cb0d6502e0139723c

Exhibits_Part_1.zip,Exhibits_Part_1/Faulty_Equipment.pdf,638656,1ab7d1d46b6a59be0a401a0 2cdc373ac677b4ceb8b964520b3ecd05e8ee10220

Exhibits_Part_2.zip,Exhibits_Part_2/More_Work.pdf,185338,1dae5c95e1cf3900cfd8e4813dea7 e178807ac3bf56df4f93b3dacb79bfd4ba2

Exhibits_Part_2.zip,Exhibits_Part_2/Whistleblower.docx,19762,0477675e24f4ffccaef11532f57b 3250906844ef48fb05a96c91e53e6c40c7f0

Exhibits_Part_2.zip,Exhibits_Part_2/Super_Fast.PNG,473080,8a9a863092aa1f3e2ba5f6f5ec8a0 4d98479a8e4bb9f87c265b74cdad360ac4b

Exhibits_Part_2.zip,Exhibits_Part_2/Overtime.zip,193507,d4e7b3525d89aa59fc4a84a1226391e 97d594cd90d1bf3c731635fa465bbc278

Exhibits_Part_2.zip,Exhibits_Part_2/Second_Request.pdf,3147878,6dde80ce8d76321fbf468c55 a1c9e8ec6f01f46ebed67413dc3df8b33f23517d

Exhibits_Part_2.zip,Exhibits_Part_2/Testimony_PMG_Employees.zip,2324318,231159ca0066a 541e58ead74b4cc61c9319b5c4e7e5c464bb90c73a62bb8b6c3

Exhibits_Part_2.zip,Exhibits_Part_2/Platitudes.PNG,265952,ed3f5d571e7e6edbe95effba380d9f 18a72c1d9e937c2292b201e00a8a76067a

Exhibits_Part_2.zip,Exhibits_Part_2/Tori Holmes_3am.pdf,167771,95df3f43b1c52e9f75f695b8ed27da27e557914fbe75f9d2e170d031b8cf 019a

Exhibits_Part_2.zip,Exhibits_Part_2/Slack.zip,471758,61129d519d79033c6c5ebc92b06f28a92e 7d11fcd0c14e3c01da03ce56780c2a

Exhibits_Part_2.zip,Exhibits_Part_2/Tori_Holmes_Bathtub.PNG,247638,d84013c3808b309c5b
1ff91d55bc6190330e26ebe91f0048353a7bd4016828d4

Exhibits_Part_2.zip,Exhibits_Part_2/Tori_Holmes_Blind.PNG,469291,55d8f508c976ec6c6db5a
753aa9e78f545eb7540bd2780dc0d41d45ea192d560

Exhibits_Part_2.zip,Exhibits_Part_2/Setup_Unfair_Targeting.pdf,387786,de860fba652902328d
6fa833ee8799d25672f1d12ea788d27e236a214ae330c2

Exhibits_Part_2.zip,Exhibits_Part_2/Vanessa_Kahin.pdf,88815,12e98f5a4b693965e174823ced3
f2e2fbb93ac12887e9e7a9d01e28734a235b2

Exhibits_Part_2.zip,Exhibits_Part_2/ROA_trauma.jpg,8844499,b73460f44af18708d6c6d6cd860
a3b01adae353d5e6923808ddf4ccbc0c4bb40

Exhibits_Part_2.zip,Exhibits_Part_2/Ridiculous_Busywork.pdf,318377,4881cee564de4e3f114df
2e5365d732bc5f63f10e5f0f9ded175ac009821d8d3

Exhibits_Part_2.zip,Exhibits_Part_2/Note_For_March_14.pdf,1310144,d51130473172b33b8d14
6089a63a45b2398f90c677dff1376d7e10d3f089b3a6

Exhibits_Part_2.zip,Exhibits_Part_2/PMG_Paystubs.zip,2990350,dc910a299633f113cbeba176a
9fcda9f50c45c2112cf67f3528dc7b811e6e364

Exhibits_Part_2.zip,Exhibits_Part_2/Slack_Erased.pdf,351956,f2d5e0b8542912b2b160ae926c6
612a6bddf8028504c68e85665accc7285d0b2

Exhibits_Part_2.zip,Exhibits_Part_2/ROA_Scramble.pdf,356540,1dd02a4814f05d0ce7001a0e23
7a3f9a72e199172f761a19a849399c3034f6d4

Exhibits_Part_2.zip,Exhibits_Part_2/Unequal_Help.pdf,483130,84d6b1a95d7b017fb0f67f9f6dfa
b172970aacdc930616782d2a9b34a853b25a

Exhibits_Part_2.zip,Exhibits_Part_2/OPC_contacts.pdf,46530,2b9cafa6c12ec673ee4442564e01
e1114834d1d45b0dfac30425d13e305e8471

Exhibits_Part_2.zip,Exhibits_Part_2/NSA_Special_Session.pdf,210445,684fdcb1a129a9439232
f74401701e57933120d7d73166fa58caf4b4600af950

Exhibits_Part_2.zip,Exhibits_Part_2/Worst_Lineup.jpg,8266413,e3554fbcce9144edfad53a2567
3892159c73db020c9250109aeb5f229cab824d

Exhibits_Part_2.zip,Exhibits_Part_2/Significant_Pain.pdf,132697,e7ba737beb6f1c7787f48c269
78ab5a5441e11a302516dc74c234fc1cf0ded4b

Exhibits_Part_2.zip,Exhibits_Part_2/Testimony
_to_Competencies.zip,4761765,c384d31c40d21e6c37d96105c2a6e89da7fe5c6852907c4cd8fd9f
b1b256966a

Exhibits_Part_2.zip,Exhibits_Part_2/Redlining_My_Pod.pdf,350027,1a643e85ae1ab76bf89d914
9eec025e6e55ff9b5430c96c6202b79b2885f808f

Exhibits_Part_2.zip,Exhibits_Part_2/Open_Letter.pdf,31123,958b4fc4df438a6aef549a076c9bb0
5fb02b05cbe790a34e455b968967b70dda

Exhibits_Part_2.zip,Exhibits_Part_2/Reprimanded_for_Breaks.pdf,185216,6487cbfe2e0fd18cd4
e8522f7206c198c687333d33f6b87e44977e72f831ecaf

Exhibits_Part_2.zip,Exhibits_Part_2/SOS_Hard_Problem.rtf,2279,8758bf1c99f36a364b6a48cc3
9c47c88b90280152a6856fe7bf7352abf2934a2

Exhibits_Part_2.zip,Exhibits_Part_2/Surgery.pdf,3147878,6dde80ce8d76321fbf468c55a1c9e8ec
6f01f46ebed67413dc3df8b33f23517d

Exhibits_Part_2.zip,Exhibits_Part_2/Third_Request.pdf,427616,81e9f73f829bd145b1ecd04fb2d
511a6eee8cb43f08ff674cf8956250ed9867a